# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
Illinois Nurses Association

**(b)** County of Residence of First Listed Plaintiff: **COOK**
*(Except in U.S. plaintiff cases)*

**(c)** Attorneys *(firm name, address, and telephone number)*
CANON LAW OFFICE, P.C. / 332 S MICHIGAN AVE S

## DEFENDANTS
ASCENSION HEALTH ALLIANCE; ST JOSEPH HO

County of Residence of First Listed Defendant: **ST LOUIS COUNTY**
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(If Known)*
Hall, Render, Killian, Heath & Lyman, P.C.

## II. BASIS OF JURISDICTION *(Check one box, only.)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government not a party.)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate citizenship of parties in Item III.)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excludes Veterans)
- [ ] 153 Recovery of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
- Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [x] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyright
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016 (DTSA)

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/ Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAXES**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729 (a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act (TCPA)
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Arts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Check one box, only.)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
*(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*
29 USC SEC. 185 (LMRA SEC 301)

## VII. PREVIOUS BANKRUPTCY MATTERS
*(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
- [ ] Check if this is a **class action** under Rule 23, F.R.CV.P.
- Demand $
- CHECK Yes only if demanded in complaint:
- Jury Demand: [ ] Yes [x] No

## IX. RELATED CASE(S) IF ANY *(See instructions):*
Judge:              Case Number:

## X. Is this a previously dismissed or remanded case?
[ ] Yes [x] No     If yes, Case #          Name of Judge

Date: 10/20/2025

Signature of Attorney of Record: RAMSIN CANON

IN THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| ILLINOIS NURSES ASSOCIATION, *plaintiff*, | ) ) ) ) |
| v. | ) Case No: ) |
| ASCENSION HEALTH ALLIANCE, a nonprofit corporation, and | ) ) ) ) |
| ST. JOSEPH HOSPITAL MEDICAL CENTER - JOLIET, LLC; and | ) Petition to Compel Arbitration pursuant to ) LMRA Section 301 (29 U.S.C. Sec. 185) ) and Complaint for Declaratory Relief ) |
| PRIME HEALTHCARE ILLINOIS MEDICAL GROUP, LLC, | ) ) ) ) |
| *defendants* | |

**PLAINTIFF'S PETITION TO COMPEL ARBITRATION AND COMPLAINT FOR DECLRATORY RELIEF**

Here comes Plaintiff Illinois Nurses Association, a labor organization ("INA," "the Union," "Plaintiff"), by and through counsel Canon Law Office, P.C., for its complaint against Defendants St. Joseph Medical Center - Joliet, Ascension Health Alliance, and Prime Healthcare, states as follows:

**BACKGROUND AND INTRODUCTION**

Illinois Nurses Association, the Plaintiff Union, has requested arbitration of a grievance filed against Defendant employer Ascension St. Joseph Hospital ("the Hospital"), which at the time of the grievance was owned by Ascension Health Alliance ("Ascension") and is now owned by Prime Health Care, ("Prime") (collectively "Defendants"). Ascension Health Alliance has consistently declined to submit the grievance to arbitration, stating that the underlying grievance is not arbitrable. The Plaintiff Union is asking the Court for a declaratory judgment holding that

the grievance is arbitrable and the parties are subject to the arbitration clause of the Collective Bargaining Agreement under which the grievance arose. The Union also petitions for an order under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, directing the parties to submit to arbitration.

## PARTIES

1. Plaintiff Illinois Nurses Association ("the Union") is labor union representing thousands of nurses throughout Illinois including several hundred nurses at St. Joseph Medical Center in Joliet.

2. Between 2020 and 2024, the Union was party to a collective bargaining agreement covering nurses at St. Joseph Medical Center with effective dates between 2020 and 2023 ("the 2020 CBA").

3. Defendant St. Joseph Medical Center – Joliet, LLC ("the Hospital") is a hospital in Joliet, Illinois that employs the Union's nurse members.

4. St. Joseph Medical Center – Joliet, LLC holds general hospital license number 0006497.

5. Defendant Ascension Healthcare Alliance ("Ascension") is a Missouri not for profit corporation which, in various corporate forms, was the owner of the Hospital between at least 2020 and 2025.

6. As the owner and operator of the Hospital between 2020 and 2025, Ascension was the legal entity with ultimate responsibility for compliance with the 2020 CBA between 2020 and 2025.

7. Defendant Prime Healthcare Illinois Medical Group ("Prime") is an entity owned by Prime Healthcare, a multistate health care and hospital operator.

8. Prime purchased the Hospital from Ascension in March of 2025.

9. Defendant Prime Healthcare is the successor to the current collective bargaining agreement ("2024 CBA"), which contains relevant provisions identical to the 2020 CBA.

## JURISDICTION AND VENUE

10. The Court has jurisdiction under Section 301 of the LMRA, 29 U.S.C. Sec. 185, because the parties are also parties to a CBA, which requires arbitration of unresolved grievances, and the Defendants are employers in an industry affecting commerce.

11. The Court has jurisdiction over Plaintiff's claim for declaratory relief under Fed. Rule. Civ. P. 1367 (supplemental jurisdiction) and 28 U.S.C. Sec. 2201 which authorizes the Court to grant declaratory relief.

12. Venue is proper because the conduct that gave rise to the grievance occurred at St. Joseph Medical Center in Joliet, Illinois, in Will County, and in Chicago, Illinois, where the Union is headquartered.

## FACTS

13. The 2020 CBA contains a provision regarding unilateral changes to address staffing shortages during health emergencies. This **Section 7.19** provides, "If a healthcare emergency causes a change in the number of patients on any unit the hospital will take reasonable action necessary to maintain adequate staffing levels, including but not limited to making unilateral changes to pay and benefits programs to assist in staffing efforts during the emergency. No such unilateral changes would reduce pay or benefits. A healthcare emergency is defined for this purpose as an unpredictable or unavoidable

occurrence at unscheduled or unpredictable intervals relating to healthcare delivery requiring immediate medical intervention and care."

14. The 2020 CBA provides as a definition of a grievance, "**Section 4.1 Definition** A grievance is any dispute between an associate and the Medical Center arising under and during the term of this Agreement involving the application of a specific provision of this Agreement or a claimed violation of a specific provision of this Agreement…"

15. The 2020 CBA empowers the Union (termed "the Association" in the CBA) to appeal grievances denied by the employer to an arbitrator: "The [Employer's] written answer at Step 3 of the grievance procedure shall settle the grievance unless it is appealed by the Association to arbitration by a notice in writing delivered to the Medical Center's designated Human Resources representative within thirty (30) calendar days of the date of the delivery of the Step 3 answer."

16. The 2020 CBA defines the jurisdiction of the arbitrator, "**Section 5.4 Arbitrator's Jurisdiction** "The arbitrator shall have authority only to interpret and apply the provisions of this Agreement to the extent necessary to decide the submitted grievance, basing his decision on the express language (as distinguished from implied meanings) of this Agreement and without amending, modifying, adding to, subtracting from, or changing this Agreement."

17. During the 2019-2021 COVID-19 pandemic, the Hospital faced severe nurse shortages, particularly given the spike in patient admissions due to the pandemic.

18. Between August 2019 and September 2021, the hospital saw a total decrease of nurses from 798 to 680, with a further decrease to 600 by September 2022. This represents a net decrease of almost 25%.

19. The COVID-19 pandemic increased Hospital admissions during this period, increasing the disparity of nurses to patients.

20. The Hospital was dealing with nurse attrition and increased patient admissions in 2020 and 2021.

21. On January 21, 2022, the CEO of Ascension (at that time called AMITA), Keith Parrott, sent an email ("Parrott Email") to all staff announcing "a one-time premium incentive" stating that "positions that have delivered patient-facing care" throughout the pandemic would "receive a premium payment of 15% of their total earnings for the month of November 2021." (hereafter "November Incentive Pay").

22. The Parrott Email listed the November Incentive Pay as one among various "ways we are addressing staffing challenges."

23. The November Incentive Pay was a unilateral change made by Ascension and the Hospital during a health care emergency intended to incentivize nurses to stay working at the Hospital.

24. In January and February 2022, the Union through staff representative John Fitzgerald sent a text message requesting an update on the November Incentive Pay to Ascension's director of labor relations, Kathy Bouma.

25. Bouma responded that she was not aware of the November Incentive Pay and would respond when she found out more.

26. Eventually in February 2022, Bouma sent a proposed Letter of Agreement for an incentive significantly less than what was promised through the CEO's November Incentive Pay communication.

27. On March 10, 2022, the Union became aware that the Hospital and Ascension were giving non-Union employees "that have delivered patient-facing care" the November Incentive Pay but were not giving that incentive pay to Union members.

28. In March 2022, the Union through staff representative John Fitzgerald sent an email to Bouma reiterating that the Union's members were owed the full November Incentive Pay, and that failure to pay the full amount would be a violation of Section 7.19, as it amounted to a unilateral change that decreased a benefit.

29. The Hospital and Ascension thereafter declined to pay any amount, reducing the amount of the November Incentive Pay to $0.

30. The Union filed a grievance on March 10, 2022, alleging a violation of Section 7.19 of the 2020 CBA. The Grievance number was 03102022BONUS.

31. The Hospital and Ascension declined to respond to the grievance or participate in a grievance process.

32. The Union timely submitted a request for arbitration to the Employer on August 5th, 2022.

33. In an email dated February 12, 2025, after numerous rounds of settlement discussions regarding scores of outstanding arbitrations, counsel for Hospital and Ascension categorically stated that the Hospital and Ascension were refusing to submit 03102022BONUS to arbitration on the grounds that a bonus promised by the CEO was not a matter that fell under the 2020 CBA.

34. The purchase of the Hospital, along with other Ascension assets, by Prime became final in March 2025, after several months of negotiations.

35. Throughout the negotiations and purchase of the Hospital, Prime was aware of the existence of the 2020 CBA and its successor, the 2024 CBA.

36. In April 2025, counsel for the Union contacted counsel for Ascension and the Hospital and informed them of the Union's position that Grievance 03102022BONUS was indeed arbitrable and that should Defendants not agree to arbitrate the matter, they would pursue other remedies to compel arbitration.

37. Should an arbitrator rule that the November Incentive Pay is in fact owed to the Union's members, the amount at issue could be well over $300,000.

38. St. Joseph Medical Center – Joliet, as the employer and signatory, would be liable for the amount owing should the Union prevail in the arbitration.

39. Upon information and belief, in purchasing Prime Healthcare assumed outstanding liabilities of Defendant Hospital.

## AUTHORITIES

40. Section 301 of the Labor-Management Relations Act confers federal subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ." 29 U.S.C. § 185; *Unite Here Local 1 v. Standard Club*, 2007 U.S. Dist. LEXIS 74919, at *2 (N.D. Ill. Oct. 5, 2007). When deciding whether a dispute is arbitrable, a court will determine "whether the Union is making a claim that is, 'on its face,' governed by" a CBA. *United Steel, Paper, & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008) (quoting *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960)). That is, the court will look to (1) the language of

the CBA's grievance and arbitration clause, and (2) the language of the grievance itself. *Sysco Indianapolis LLC v. Teamsters Local 135*, 114 F.4th 918, 923 (7th Cir. 2024). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Sysco Indianapolis LLC v. Teamsters Local 135*, 120 F.4th 537, 545 (7th Cir. 2024) (quoting *Warrior & Gulf*, 363 U.S. at 582-83 (1960)); *see also TriMas Corp.*, 531 F.3d at 536 (7th Cir. 2008). In ruling on whether the parties agreed to submit a type of grievance to arbitration, the court is not to "weigh[] the merits of the grievance, consider[] whether there is equity in a particular claim, or determin[e] whether there is particular language in the written instrument which will support the claim." *Am. Mfg. Co.*, 363 U.S. at 568.

## COUNT I

## PETITION PURSUANT TO SECTION 301 OF THE LMRA

41. Paragraphs 1-40 are incorporated as though originally pled herein.

42. Defendants are employers as defined by the LMRA.

43. Plaintiff is a Union as defined by the NLRA and LMRA.

44. Defendants and Union are parties to a collective bargaining agreement.

45. Defendant Hospital and Defendant Ascension breached the collective bargaining agreement by refusing to submit the relevant grievance, 03102022BONUS, to arbitration.

46. By refusing to submit the grievance to arbitration, Defendant Hospital and Defendant Ascension breached Sections 4.1 and 5.1 of the 2020 CBA, because Section 4.1 defines a grievance as "any dispute between an associate and the Medical Center arising under and during the term of this Agreement involving the application of a specific provision of this agreement or a claimed violation of a specific provision of this Agreement."; and Section 5.1 empowers the Union to appeal grievances denied by the employer to an arbitrator.

    Therefore, Plaintiff respectfully prays the Court,

    A.    GRANT this petition to compel arbitration; and

    B.    Issue an ORDER directing Defendant Hospital submit to arbitration; and

    C.    Issue an ORDER directing Defendant Ascension submit to arbitration; and

    D.    Issue an ORDER directing Defendant Prime submit to arbitration; and

    E.    Whatever other relief the Court considers just.

## COUNT II

### DECLARATORY RELIEF UNDER 28 U.S.C. 2201

47. Paragraphs 1-46 are incorporated as though originally pled herein.

48. There is a live controversy between the Plaintiff and the Defendants, because Defendant Hospital, which at the time was owned by Defendant Ascension and is currently owned by Prime, disagrees with Plaintiff on the interpretation of the 2020

CBA and affirmatively denies that the matters underlying Grievance 03102022BONUS fall under the 2020 CBA's Grievance and Arbitration clauses.

49. A ruling from the Court that the grievance is arbitrable or not arbitrable would resolve the controversy because the parties are before the Court on the matter of arbitrability.

THEREFORE, Plaintiff respectfully requests the Court,

A. Issue a declaration that Grievance 03102022BONUS is arbitrable; and

B. Whatever other relief the Court considers just.

Respectfully Submitted,

Ramsin G. Canon, Esq.

*One of Plaintiff's Attorneys*

Canon Law Office, P.C.
332 S Michigan Ave., Ste 900
Chicago, IL 60604
P: (312) 910-1036
E: ramsin@canonlawoffice.com